**Affirmed; Opinion Filed July 24, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00161-CV

## IN THE INTEREST OF T.R.N. AND A.R.N., CHILDREN

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-17-00385-X**

## MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

Father and Mother separately appeal from the trial court's decree terminating their parental

rights to their children, T.R.N. and A.R.N. Father's appointed counsel and Mother's appointed

counsel each filed briefs pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating the record

does not contain any reversible error that was preserved for appellate review and the appeals are

without merit and frivolous. Respective counsel provided Father and Mother a copy of the briefs

filed on their behalf and advised them of their right to examine the appellate record and file pro se

responses. In addition, this Court provided both Mother and Father a copy of the *Anders* brief

filed by their counsel and notified each of their right to examine the appellate record and to file a

pro se response. Neither Father nor Mother filed a pro se response.

In April 2017, the Texas Department of Family and Protective Services filed its petition

seeking to terminate Mother's and Father's parental rights. The supporting affidavit indicated

police made a referral of neglectful supervision to the Department after Mother's vehicle was

stopped for an expired registration and a consensual search revealed a glass pipe with methamphetamines was in Mother's property. Both children were sleeping in the vehicle at the time of the stop. During the course of the Department's investigation, Mother admitted to using, and tested positive for, methamphetamines. Mother also indicated that she experienced past domestic violence[1] with Father, who was currently incarcerated.

In October 2018, a bench trial was held. Mother and Father were both incarcerated at the time of trial, but each was separately represented by counsel. Evidence at trial confirmed the children came into the Department's care as a result of Mother's methamphetamine use. There was also evidence that Father, who was incarcerated throughout the case, had demonstrated a continuing pattern of criminal conduct that made him unable to provide the children with a safe environment. Neither parent had successfully completed the Department's family service plan. At the conclusion of the trial, the trial court terminated Father's and Mother's parental rights to T.R.N. and A.R.N. under sections 161.001(b)(1)(D) and (E) of the family code.[2] The trial court further found that termination of the parent–child relationship was in the best interest of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(2).

The procedures established in *Anders* are applicable where, as here, appellants' appointed counsel concludes there are no non-frivolous issues to assert on appeal. *See In re D.D.*, 279 S.W.3d 849, 849–50 (Tex. App.—Dallas 2009, pet. denied). This Court is not required to address the merits of each claim raised in an *Anders* brief or a pro se response. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d at 850 (citing *Bledsoe*, 178

---

[1] With respect to the domestic violence, Mother indicated charges were never filed against Father and the police were never involved.

[2] Section 161.001(b)(1)(D) permits termination if the parent knowingly placed or allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the child. TEX. FAM. CODE ANN. § 161.001(b)(1)(D). Section 161.001(b)(1)(E) permits termination if the parent engaged in conduct, or knowingly placed the child with persons who engaged in conduct, which endangers the physical or emotional well-being of the child. TEX. FAM. CODE ANN. § 161.001(b)(1)(E).

S.W.3d at 827). Instead, our duty is to determine whether there are any arguable grounds for reversal and, if so, to remand the case to the trial court so that new counsel may be appointed to address the issues. *See In re D.D.*, 279 S.W.3d at 850.

In their *Anders* briefs, appellate counsel for Father and Mother present a professional evaluation of the record demonstrating why there are no arguable grounds for reversal and concluding that Mother's and Father's appeals are both frivolous and without merit. *See Anders*, 386 U.S. at 744. We independently reviewed the entire record and counsel's *Anders* briefs, and we agree that the appeals are frivolous and without merit. We find nothing in the record that could arguably support the appeals.

Father's counsel has filed a motion to withdraw as appellate counsel. In *In re P.M.*, the Texas Supreme Court held that a court-appointed attorney's duties to a client in a parental rights termination case continue through the filing of a petition for review, and a motion to withdraw filed in the court of appeals may be premature unless good cause is shown. 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Counsel has not shown good cause for withdrawing from her representation of Father, and as a result, her obligations have not been discharged. *See id*. Accordingly, counsel's motion to withdraw is denied.

We affirm the trial court's judgment terminating Mother's and Father's parental rights.


/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Carlyle, J., concurring

190161F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF T.R.N. AND
A.R.N., CHILDREN

No. 05-19-00161-CV

On Appeal from the 305th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. JC-17-00385-X.
Opinion delivered by Justice Partida-
Kipness, Justices Bridges and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 24th day of July, 2019.